USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

   - against -

TECUMSEH HOLDINGS CORPORATION,
TECUMSEH TRADEVEST LLC,
S.B. CANTOR & CO., INC., JOHN L. MILLING,
GERARD A. McCALLION, ANTHONY M. PALOVCHIK,
and DALE CARONE,

                Defendants,

   - and -

TECUMSEH ALPHA FUND LP,
TECUMSEH ALPHA LLC, and
STRACQ, INC.,

                Relief Defendants.
------------------------------------------------------------X

03 Civ. 5490 (SAS)

RECEIVED
CHAMBERS
MAY 2 3
JUDGE SCHEINDLIN

## PARTIAL FINAL CONSENT JUDGMENT AS TO DALE CARONE

     The Securities and Exchange Commission (the "Commission") having filed a Complaint and defendant Dale Carone having acknowledged service of a summons and the Complaint; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Partial Final Consent Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Partial Final Consent Judgment:

1

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Carone, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Partial Final Consent Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Carone is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless Carone is registered as a broker or dealer with the Commission or associated with a broker-dealer registered with the Commission.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Carone is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Carone shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the

3

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Carone will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Carone may not challenge the validity of the Consent or this Partial Final Consent Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Carone shall comply with all of the undertakings and agreements set forth therein.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Partial Final Consent Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Final Consent Judgment forthwith and without further notice.

4

## CONSENT OF DEFENDANT DALE CARONE

1. Dale Carone acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which he admits), Carone hereby consents to the entry of the Partial Final Consent Judgment in the form attached hereto (the "Partial Final Consent Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Carone from violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] and Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)]; and from participating in any future penny stock offering.

3. Carone waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Carone waives the right, if any, to a jury trial and to appeal from the entry of the Partial Final Consent Judgment.

5. Carone enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, agent, or representative of the Commission to induce Carone to enter into this Consent.

6. Carone agrees that this Consent shall be incorporated into the Partial Final Consent Judgment with the same force and effect as if fully set forth therein.

7. Carone will not oppose the enforcement of the Partial Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

Procedure, and hereby waives any objection based thereon.

8.  Carone waives service of the Partial Final Consent Judgment and agrees that entry of the Partial Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Carone further agrees to provide counsel for the Commission, within thirty days after the Partial Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Partial Final Consent Judgment.

9.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Carone in this civil proceeding. Carone acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Carone waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Carone further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Carone understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

10. Carone understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Carone agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Carone hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Carone breaches this agreement, the Commission may petition the Court to vacate the Partial Final Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Carone's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Carone hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Carone agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Carone agrees that the Commission may present the Partial Final Consent Judgment to the Court for signature and entry without further notice.

13. Carone agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Partial Final Consent Judgment.

Dated: 1/28/08

_____
Dale Carone

On January 28, 2008, Dale R. Carone a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

[Notary Seal: A. KAY ALTON, Notary Public, State of Texas, Comm. Expires 11-05-2008]

_____
Notary Public
Commission expires:

**SO ORDERED:**

Dated: 5/27/08, 2008

_____
Honorable Shira A. Scheindlin
United States District Judge